IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHY J. LOONEY, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:17-00294-N |
| | ) |
| SIMPLY AROMA LLC d/b/a Purely, | ) |
| *et al.*, | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 9) filed by the Defendants.[1] By previous order (Doc. 10), pursuant to Federal Rule of Civil Procedure 12(d), the parties were given notice that the Court intended to treat part of the motion as a motion for summary judgment under Federal Rule of Civil Procedure 56. The Plaintiff, Kathy J. Looney, has timely filed a response (Doc. 17) in opposition to the motion, and the Defendants have timely filed a reply (Doc. 18) to the response. The motion is now under submission (*see* Doc. 10) and is ripe for disposition. Upon consideration, the Court finds that the Defendants' motion (Doc. 9) is due to be **GRANTED** under Rule 12(b)(6). As such, to the extent the Court has partially treated the motion as one for summary judgment under Rule 56, it is due to be **DENIED as moot**. However, Looney will be given leave to file an amended complaint to address some of the

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 14, 15).

deficiencies identified herein.

## I. *Legal Standards*

In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court must construe the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." *E.g.*, *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013). "Fed. R. Civ. P. 8(a)(2) requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation omitted). " 'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Id.* at 1289 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). A complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "[T]o survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). While this "plausibility standard is not akin to a 'probability requirement' at the pleading stage,

… the standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Moreover, " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the plausibility standard, " 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." ' " *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2))). *Iqbal* "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " *Id.* (quoting *Iqbal*, 556 U.S. at 679). "[C]ourts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting *Twombly,* 550 U.S. at 567)).

## II. *Factual Determinations*

The complaint (Doc. 1) contains the following well-pleaded allegations, which the Court accepts as true for purposes of the present motion: Beginning in March 2015, Looney was employed by Defendant Simply Aroma LLC d/b/a Purely ("Purely") as an administrative assistant and customer service representative. (Doc. 1 at 2, ¶

10). Defendant Thai LNU,[2] a Purely warehouse technician, would rub his penis against Looney's buttocks, grab her waist when he walked by her, and commit other unwelcomed advances and touching. (*Id.*, ¶¶ 9, 11). On September 2, 2016, while at an office get-together, Thai LNU grabbed Looney's buttocks with both hand and pulled her to his body. (*Id.* at 3, ¶ 12). Immediately, Looney pushed him away and said "No!" very loudly; Thai LNU raised his hands, snickered, and said "Sorry." (*Id.*). On September 6, 2016, Looney reported the harassment to Defendant Kelly Love, Purely's acting Vice President. (*Id.* at 2 – 3, ¶¶ 8, 13). On September 9, 2016, Defendant Andrew Khong, Purely's owner, yelled at Looney and told her to leave, in response to her complaints about the harassment. (*Id.*, ¶¶ 7, 14).

Based on the foregoing allegations, Looney alleges causes of action for sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983.

### III. *Analysis*

#### A. **Title VII Claims against the Individual Defendants**

Defendants Andrew Khong, Kelly Love, and Thai LNU (collectively, "the Individual Defendants") argue that Looney's Title VII claims against them are due to be dismissed because Title VII is "inapplicable to individuals." (Doc. 9 at 2).

"Individual capacity suits under Title VII are…inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose

---

[2] The undersigned assumes that LNU stands for "last name unknown." The Defendants' motion indicates that this defendant's full name is "Thai Pham." (*See* Doc. 9 at 2).

actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (per curiam). "The only proper individual defendants in a Title VII action would be supervisory employees in their capacity as agents of the employer." *Hinson v. Clinch Cty., Ga. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) (citing *Busby*, 931 F.2d at 772). Accordingly, the Rule 12(b)(6) motion to dismiss is due to be **GRANTED** as to the individual-capacity Title VII claims against the Individual Defendants.

Looney has also sued each of the Individual Defendants in his or her "official capacity." (*See* Doc. 1 at 1 – 2, Style & ¶¶ 7 – 8). It is doubtful that Thai LNU can be sued in his "official capacity" under Title VII, as the complaint does not indicate that he was a Purely "supervisory employee." Regardless, as will be explained in the following section, Looney's Title VII sexual harassment claim against Purely is due to be dismissed for failure to plausibly plead an essential element of the claim. Thus, the Title VII claims against the Individual Defendants in their "official capacities" as agents of Purely are due to be dismissed for the same reason.

### B. Title VII Claim against Purely

> Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Although Title VII itself does not mention sexual harassment, it has long been settled that the statutory phrase "terms, conditions, or privileges of employment" includes within its scope a discriminatorily hostile or abusive environment. *Mendoza v. Borden, Inc.,* 195 F.3d 1238, 1244 (11th Cir. 1999) (en banc).

> To prove sexual harassment under Title VII, a plaintiff must show (1) that she belongs to a protected group; (2) that she has been subjected to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that a basis for holding the employer liable exists. *Id.* at 1245; *Johnson v. Booker T. Washington Broad. Serv.,* 234 F.3d 501, 508 n. 7 (11th Cir. 2000).

*Hulsey v. Pride Rests., LLC*, 367 F.3d 1238, 1244 (11th Cir. 2004).

Purely argues that Looney's complaint does not allege facts showing the harassment she endured was "sufficiently severe or pervasive" to plausibly state a Title VII sexual harassment claim. This element "contains both an objective and a subjective component. Thus, to be actionable, this behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceives to be abusive." *Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269, 1276 (11th Cir. 2002) (citation and quotation omitted). Purely challenges only the objective component.

"In evaluating the objective severity of the harassment, [courts in this Circuit] consider, among other factors: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Id.* (citing *Allen v. Tyson Foods*, 121 F.3d 642, 647 (11th Cir. 1997)). "The courts should examine the conduct in context, not as isolated acts, and determine under the totality of the circumstances whether the harassing conduct is sufficiently severe or pervasive to alter the terms or conditions of the

plaintiff's employment and create a hostile or abusive working environment." *Mendoza*, 195 F.3d at 1246. *See also Hulsey*, 367 F.3d at 1248 ("In considering these factors, we employ a totality of the circumstances approach, instead of requiring proof of each factor individually.")

The undersigned agrees that Looney has not alleged sufficient factual matter, accepted as true, to plausibly show that the harassment she endured while a Purely employee was objectively severe or pervasive enough to sustain a Title VII sexual harassment claim. Certainly, Thai LNU's alleged conduct – "rub[bing] his penis against her buttocks, grab[ing] her waist when he walked by her and committ[ing] other unwelcomed advances and touching upon" her (Doc. 1 at 2, ¶ 11) – can be deemed "physically threatening or humiliating." *Cf. Olson v. Lowe's Home Centers Inc.*, 130 F. App'x 380, 388 (11th Cir. 2005) (unpublished). ("Senkle's conduct…was physically threatening and humiliating. Senkle rubbed his entire body (not merely a hand or hip) against Olson on two occasions."). However, this factor does not compensate for Looney's weak or nonexistent showing on the other three factors. *Cf. Mendoza*, 195 F.3d at 1248 ("Three of the four factors—physically threatening or humiliating conduct, interference with job performance, and severity—are clearly absent from the conduct established by Mendoza. The other factor—frequency of the harassing conduct—is also for the most part lacking, but to the extent Mendoza showed frequent conduct, the frequency of it does not compensate for the absence of the other factors.").

First, she fails offer sufficient factual detail that would allow the Court to reasonably infer the frequency in which Thai LNU's actions occurred over the course of her employment with Purely. The only incident that Looney recounts with relative specificity occurred at an office get-together on September 2, 2016, by which time Looney had been a Purely employee for approximately one-and-a-half years. (*Id.* at 3, ¶ 12). The Court's ability to infer the frequency of Thai LNU's inappropriate actions is further hampered because Looney does not allege what length of time her employment with Purely overlapped with his. The Eleventh Circuit has generally been more willing to find "severe or pervasive" sexual harassment when the objectionable conduct occurred often over a short period of time, as opposed to isolated incidents spread out over longer periods. *Compare Hulsey*, 367 F.3d at 1248 ("Garrison's conduct was frequent, occurring at least 18 times during the approximately 2 to 2–1/2 weeks between his initial attempt to get Hulsey to date him and her termination on August 16, 2001…Garrison's conduct is at least as severe and pervasive as the defendant's conduct in the *Johnson* case, which we found bad enough to satisfy the objectively severe and pervasive standard. *Johnson*[ *v. Booker T. Washington Broad. Serv., Inc.*], 234 F.3d [501,] 506, 509[ (11th Cir. 2000)]. In that case there were 15 incidents of unwelcome and inappropriate conduct incidents over the course of four months, including sexually charged comments and gestures, 'giving [the plaintiff] unwanted massages, standing so close to [her] that his body parts touched her from behind, and pulling his pants tight to reveal the imprint of his private parts.' *Id.*"), *and Dees v. Johnson Controls World*

*Servs., Inc.*, 168 F.3d 417, 418-19 (11th Cir. 1999) ("According to Dees, during her three years at the Fire Department she was subjected to a **continuous barrage** of sexual harassment by Rainey and Jacobs, as well as Fire Captain Danny Stewart and Assistant Chief Alfred Amerson. This **almost-daily abuse** took a variety of forms, from sexually explicit stories and jokes, to comments about her body or those of male firefighters, to physical harassment." (emphasis added) (footnote omitted)), *with Johnson*, 234 F.3d at 509 ("This set of facts differs from cases like *Mendoza* and *Gupta v. Florida Bd. of Regents*, where there were fewer instances of less objectionable conduct over longer periods of time. *See Mendoza* 195 F.3d at 1242–43; *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 585 (11th Cir. 2000)."). Considering the allegations in the complaint, the Court can only speculate as to the frequency of the harassing conduct.

Moreover, the acts Looney complains of are not the sort of conduct that the Eleventh Circuit has generally found to be so severe as to constitute "severe or pervasive" harassment without some showing that they occurred with relative frequency. *Compare Hulsey*, 367 F.3d at 1248 ("frequent" and "sever" conduct included supervisor's "repeated attempts to touch [plaintiff's] breasts, place his hands down her pants, and pull off her pants[,]" as well as "enlisting the assistance of others to hold her while he attempted to grope her"), *and Olson*, 130 F. App'x at 388 (11th Cir. 2005) (unpublished) ("Like *Johnson*, this case involves frequent instances of sexual harassment over a short period of time, and unwanted physical touching. Indeed, the sexual comments grew in frequency to every shift; there were three

incidents of physical contact; and Olson was actually physically injured by Senkle's behavior."), *with Dar Dar v. Associated Outdoor Club, Inc.*, 248 F. App'x 82, 85 (11th Cir. 2007) (per curiam) (unpublished) ("two sexually inappropriate comments and two incidents of intentional buttocks touching over the course of 22 months" did not establish hostile work environment), *and Mitchell v. Pope*, 189 F. App'x 911, 913–14 (11th Cir. 2006) (per curiam) (unpublished) ("Overbey's conduct was not that frequent. Plaintiff began working in the Criminal Investigation Division, under Overbey's supervision, in January 1998: she resigned in July 2002. During those 4 years, Plaintiff points to 16 specific instances of offensive conduct by Overbey. Of these instances, most involved 'offensive utterances.' Only three times did Overbey touch her or attempt to touch her: when he tried to kiss her, when he lifted her over his head, and when he rubbed up against her and reached across her chest…Although Overbey's reprehensible behavior only can be described as crass and juvenile, we accept that this behavior—given its relative infrequency—is not the kind of 'severe' harassment necessary for liability to attach under Title VII." (footnote omitted)). *See also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment" (quotation omitted)). Finally, Looney has failed to offer any specific factual allegations demonstrating how Thai LNU's conduct interfered with her job performance, unreasonably or otherwise. Her allegation that his conduct "materially affected the terms and conditions of [her] employment" is a legal conclusion that the Court need not accept as true.

Even construing them in the light most favorable to Looney, the complaint's well-pleaded allegations do not, under the totality of the circumstances, plausibly suggest conduct that is objectively "severe or pervasive" to support a Title VII sexual harassment claim. Accordingly, on this basis, the Rule 12(b)(6) motion to dismiss is due to be **GRANTED** as to the Title VII sexual harassment claims against Purely and the Individual Defendants in their "official capacity."

### C. Section 1983 Claims

The Defendants' motion does not address Looney's § 1983 claims. Nevertheless, as explained above, Looney's Title VII claims are due to be dismissed for failure to plausibly plead an essential element of those claims. Thus, Looney's § 1983 claims are subject to dismissal for this same reason. *See Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1275 n.5 (11th Cir. 2008) ("Title VII and section 1983 claims have the same elements where the claims are based on the same set of facts." (citing *Abel v. Dubberly*, 210 F.3d 1334, 1338 n.3 (11th Cir. 2000) (per curiam)).[3]

Moreover, it appears § 1983 provides no relief against any of the Defendants because there is no plausible indication that they are "state actors." *See, e.g.*, *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law. 42 U.S.C. § 1983. Anyone whose conduct is 'fairly attributable to

---

[3] To the extent Looney intended to plead claims under 42 U.S.C. § 1981, rather than § 1983, this same reasoning applies. *See Bryant v. Jones*, 575 F.3d 1281, 1296 n.20 (11th Cir. 2009) ("[D]iscrimination claims, including hostile work environment claims, brought under the Equal Protection Clause, 42 U.S.C. § 1981, or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, are subject to the same standards of proof and employ the same analytical framework.").

the state' can be sued as a state actor under § 1983. See *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L.Ed.2d 482 (1982).").

Accordingly, Looney's § 1983 claims are also due to be **DISMISSED** under Rule 12(b)(6).[4]

### D. Permitting Amendment of the Complaint

Looney has never attempted to amend her complaint to supplement its allegations, and despite being given almost two months to respond to the present motion (*see* Doc. 13), Looney's response and supporting affidavit essentially repeat the same deficient allegations of harassment by Thai LNU that are found in the complaint, without any additional material facts. (*See* Doc. 17 at 4, ¶¶ 9 – 12; Doc. 17-1 at 2, ¶¶ 9 – 12). Looney's "narrative statement of facts" submitted with the parties' joint report of their planning meeting also fails to provide any additional material facts. (*See* Doc. 21 at 1, ¶ 1(a)).

While the Court's briefing order made clear that it was only treating <u>one ground</u> of the motion to dismiss – whether Purely maintained the requisite number of employees to be subject to Title VII liability – as a Rule 56 motion for summary judgment, (*see* Doc. 10 at 1 – 2 ("In support of Ground 1, the Defendants have submitted an affidavit by non-party Tuong Pham testifying to the number of employees Purely, Inc. maintains…[T]he parties are hereby given notice that the Court intends to treat Ground 1 of the motion to dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56…"), Looney's response is under

---

[4] In light of the foregoing reasoning, the Court need not, and does not, address any of the other grounds for dismissal raised in the Defendants' motion.

the mistaken impression that the Court converted the entire Rule 12(b)(6) motion into one for summary judgment and, pursuant to Rule 56(d)(2), requests that the Court "defer ruling on Summary Judgment until such time as the parties complete the formal discovery process." (Doc. 17 at 1). Because the Court did not convert the Rule 12(b)(6) grounds for dismissal relied on above into motions for summary judgment, Rule 56(d)(2) is inapplicable as to those grounds. When a plaintiff's complaint, as here, "is deficient under Rule 8, [s]he is not entitled to discovery…" *Iqbal*, 556 U.S. at 686. *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. *See Mitchell v. Duval County Sch. Bd.*, 107 F.3d 837, 838 n.1 (11th Cir. 1997) (per curiam). Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion. *See Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ('Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.')." (footnote omitted)).

A district court "is not required to grant a plaintiff leave to amend his complaint sua sponte [prior to dismissing it with prejudice] when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend…" *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir.

2002) (en banc). Nevertheless, a court may *sua sponte* grant a counseled plaintiff leave to amend "[w]here a more carefully drafted complaint might state a claim…" *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner*, 314 F.3d 541. However, "if a more carefully drafted complaint could not state a claim…, dismissal with prejudice is proper." *Id.*

Upon consideration, the undersigned finds that a more carefully drafted complaint could not plausibly state a Title VII claim against any of the Individual Defendants in their individual capacities, in light of clear circuit precedent that "[i]ndividual capacity suits under Title VII are…inappropriate." *Busby*, 931 F.2d at 772. The undersigned also finds that a more carefully drafted complaint could not plausibly state a § 1983 claim against any of the Defendants because there is absolutely no indication any of the Defendants would be considered "state actors" subject to liability under that statute. Accordingly, those claims are due to be **DISMISSED with prejudice** under Rule 12(b)(6), without leave to amend. However, because the undersigned finds that a more carefully drafted complaint <u>could</u> plausibly state Title VII sexual harassment claims against Purely and the Individual Defendants in their "official capacities," those claims are due to be **DISMISSED** under Rule 12(b)(6), but subject to Looney being granted leave to file an amended complaint that plausibly alleges such claims.

### IV. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Defendants' motion to dismiss (Doc. 9) is **GRANTED** under Rule 12(b)(6), and is

therefore **DENIED as moot** to the extent the Court has partially treated the motion as one for summary judgment under Rule 56. Looney's § 1983 claims against all Defendants and her Title VII claim against the Individual Defendants in their individual capacities are **DISMISSED with prejudice** under Rule 12(b)(6), <u>without leave to amend as to those claims</u>. Her Title VII sexual harassment claims against Purely and the Individual Defendants in their "official capacities" are **DISMISSED without prejudice** under Rule 12(b)(6). Looney is hereby granted leave to file an amended complaint that plausibly alleges Title VII sexual harassment claims against Purely and/or the Individual Defendants in their "official capacities." Said amended complaint must be filed and served no later than **<u>Wednesday, March 7, 2018</u>**. In filing the amended complaint, Looney must abide by the following directives:

- The amended complaint must reproduce the entire original complaint as amended, *see* S.D. Ala. CivLR 15(a) ("Any amendment to a pleading … must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference."), and will become the operative complaint in this action.[5]

---

[5] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

- The amended complaint must be filed as a freestanding pleading and <u>not</u> as an exhibit attached to a notice, motion, etc.

Any filing made in contravention of those directives will be deemed nonresponsive to this order and will be summarily ordered stricken. If no amended complaint is timely filed in accordance with this order, then the dismissal of Looney's Title VII sexual harassment claims against Purely and the Individual Defendants in their "official capacities" under Rule 12(b)(6) shall be converted to a **DISMISSAL with prejudice** without further order of the Court, and final judgment shall issue separately forthwith in accordance with Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 21st day of February 2018.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**